IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No:   1:24 CR00062 SEP |
| vs. | ) | |
| | ) | |
| CLINTON RONGEY, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Comes now, the United States of America, by and through its attorneys, Matthew T. Drake, Acting United States Attorney for the Eastern District of Missouri, and Julie A. Hunter, Assistant United States Attorney for said District, and for the Government's Sentencing Memorandum, states and alleges as follows:

Defendant, Clinton Rongey was found guilty by jury of the offense of Sexual Exploitation of a Minor (Production of Child Pornography), in violation of 18 U.S.C. § 2251(a). The Probation Office prepared a presentence investigation report (PSR) and determined the advisory guideline term of imprisonment is life, adjusted to the statutory maximum 360 months (30 years). PSR ¶ 66.

The government is mindful that a 30-year sentence is severe punishment that should not be imposed lightly. But based on the sentencing guidelines and the 18 U.S.C. § 3553(a) factors, the government believes that a 30-year sentences is warranted here.

Starting with the former, the Sentencing Guidelines provide helpful guidance and direction. As the Supreme Court has recognized, "[t]he Guidelines … continue to guide district courts in exercising their discretion by serving as 'the framework for sentencing[.]" *Beckles v. United*

1

*States*, 137 S.Ct. 886, 894 (2017) (quoting *Peugh v. United States*, 133 S.Ct. 2072, 2083 (2013)). Indeed, the importance of the Guidelines in this process makes them "not only the starting point for most federal sentencing proceedings but also the lodestar." *Molina-Martinez v. United States*, 136 S.Ct. 1338, 1346 (2016).  The sentencing enhancements applied in this case (*see* PSR ¶¶ 23-32) accurately reflect the true nature of the Defendant's offense conduct, the fact that he captured numerous images of the female victim's genitalia when she was just three and four years old, that he captured the images while the child was in his care, and that he did so on multiple occasions, thereby engaging in a "pattern of activity."  These enhancements, along with his refusal for accepting responsibility, as evidenced by his testimony at trial, support a guideline term of imprisonment.

Turning to the latter, a 30-year sentence is appropriate considering the statutory sentencing factors.  Looking at the nature of the Defendant's offense conduct, he captured dozens of images of Minor Victim at ages three and four, bending over or lying naked on a bed, with her legs spread and her hands spreading apart her vagina.  This happened on multiple occasions throughout the year where the Defendant, a close family friend, was entrusted by the child's father to care for and protect his children.  Minor Victim's body positions and placement of her hands, clearly show that she was being directed by the Defendant as he was photographing her.  Additionally, a witness testified that on one occasion she left the residence while the children were fully clothed, and when she returned the two-year-old was naked, Defendant was exiting a bedroom buttoning up his pants, and Minor Victim exited that same bedroom wearing only her underwear.  The witness also testified that she observed the children acting out sexually in an age-inappropriate manner during the time they were in the Defendant's care.  When their father asked where they learned that behavior, Minor Victim reported from "Clint" (Clinton Rongey).  Further, another witness testified

that she observed the Defendant reach his hand down the front of Minor Victim's underwear while she was seated in a recliner.  The fact remains, Minor Victim was too young to express or comprehend that her body was being used for the Defendant's sexual gratification.

The impact of the Defendant's actions on the victim's family is detailed in the victim impact letter sent by Minor Victim's grandmother.  She is now raising the children due to the toll this has taken on her son, the children's father.  The Government sees no reason to deviate from a guideline sentence in this case and respectfully requests this Court impose a sentence of 30 years.

Respectfully submitted,

MATTHEW T. DRAKE,
ACTING UNITED STATES ATTORNEY


/s/ Julie A. Hunter
JULIE A. HUNTER, # 51612MO
ASSISTANT UNITED STATES ATTORNEY


## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Rebecca Burns
Attorney for Defendant

Chelsea Sawyer
United States Probation Office

/s/ Julie A. Hunter.
Julie A. Hunter
Assistant United States Attorney